IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02342-RPM

JOSE U. GONZALEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION
_____

The Plaintiff's applications for disability insurance benefits and supplemental security income were denied on the basis of the decision of an Administrative Law Judge (ALJ) dated May 20, 2007, finding that Jose U. Gonzalez had the residual functional capacity to perform the occupations of cafeteria attendant and cleaner housekeeper as described in the Dictionary of Occupational Titles. Mr. Gonzalez was born on April 6, 1954. On December 8, 1998, he fell and hit his head while working, sustaining a mild closed head injury and lacerations on his forehead and eyebrow. He was treated in the emergency room at Memorial Hospital in Colorado Springs, Colorado and a CT scan of his head was obtained and read as negative. (R. 167-168.) Mr. Gonzalez claims this event was the onset of his disability, asserting that his head injury has impaired his cognitive capacity and has produced persistent and disabling pain and depression. The ALJ found the following severe impairments:

> mild closed head injury or post-concussion sequelae, degenerative changes of the cervical spine, post traumatic headaches, myofascial cervical pain, non-insulin dependent diabetes mellitus, cognitive disorder NOS, mood disorder, anxiety disorder NOS, and chronic pain disorder (20 CFR 404.1520(c) and 416.920(c)).

(R. 16).

At the time of the ALJ's hearing, May 7, 2007, Mr. Gonzalez was living with his son in

Broomfield, Colorado.  Jose Gonzalez gave somewhat vague and confusing testimony concerning headaches, fatigue and difficulties with memory.  The plaintiff's son testified to his father's memory deficits and lack of awareness as illustrated by his inability to cook.

The ALJ rejected the testimony concerning the claimant's limitations as being inconsistent with the medical records and the lack of objective diagnostic evidence.

In this judicial review under 42 U.S.C. § 405(g) the plaintiff contends that the ALJ failed to give adequate weight to the opinions of Dr. Anthony Ricci, Ph.D., of Colorado Springs who performed screening psychological testing on January 28, 2003, at the request of counsel for the claimant in his worker's compensation claim.  (R. 190-203.)  Dr. Ricci opined that Mr. Gonzalez had not obtained maximum medical improvement and that he was unable to sustain consistent employment.

The ALJ found that opinion not persuasive as being inconsistent with other medical opinions, particularly that of a treating psychologist, Dr. Glenn M. Kaplan, Ph.D., who began treatment on January 26, 2004 (R. 219) and discharged Mr. Gonzalez from psychological treatment on March 23, 2004.  (R. 213.)  During that time Mr. Gonzalez was under the care of Dr. Jeffrey Jenks, M.D., receiving medications, Neurontin and Lexapro, together with physical therapy.  Dr. Jenks found maximum medical improvement by June 2, 2004, and placed the claimant in the light/medium work category.  (R. 265.)

The medical records support the control of Mr. Gonzalez's pain and headaches with medication.

The plaintiff contends that the ALJ should have involved a psychologist as an expert to review the conflicting medical conclusions concerning the claimant's cognitive and non-exertional limitations.

Upon review of the full record and the ALJ's extensive discussion of the medical records

including reviews of those who have seen and treated Mr. Gonzalez as well as the evaluators and consultants, there is substantial evidence to support the credibility findings of the ALJ and his findings and conclusions concerning the claimant's residual functional capacity at step five of the evaluation process.  Accordingly it is

ORDERED that the decision is affirmed.

DATED: April 14th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

3